**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. No. 25-8156 |
| Plaintiff-Appellant, | D.C. No. 25-904-FMO (Central Dist. Cal.) |
| v. | **GOVERNMENT'S MOTION TO EXPEDITE BRIEFING AND HEARING; DECLARATION OF AMY E. POMERANTZ** |
| CARLITOS RICARDO PARIAS, | |
| Defendant-Appellee. | |

Plaintiff-Appellant United States of America, by and through its counsel of record, hereby moves this Court to expedite the briefing and hearing in this government appeal.

The motion is made pursuant to Federal Rules of Appellate Procedure 26 and 27 and Ninth Circuit Rule 27-12 and is based on the files and records in this case and the attached declaration of Amy E. Pomerantz.

Defendant opposes this request. No court reporter is in default with regard to any designated transcript.

DATED: May 4, 2026             Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

  s/ *Amy E. Pomerantz*

AMY E. POMERANTZ
Assistant United States Attorney
Criminal Appeals Section

Attorneys for Plaintiff-Appellant
UNITED STATES OF AMERICA

ii

## DECLARATION OF AMY E. POMERANTZ

I, Amy E. Pomerantz, hereby declare and state as follows:

1.     I am an Assistant United States Attorney in the Central District of California and a member of my office's Criminal Appeals Section.  I am responsible for preparing and filing the government's briefs in this appeal.  The government's Opening Brief was filed on April 29, 2026, following a 30-day streamlined extension of time and a additional 7-day extension of time.

2.     Defendant was charged with attacking federal law-enforcement officers with his car, in violation of 18 U.S.C. § 111 and 18 U.S.C. § 1361.  (Opening Br. 8–9.)  He is not lawfully in the country, and after being released by the district court on bail was taken into civil immigration custody pending his removal proceedings, as required by the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E)(ii).  (Opening Br. 10.)  The district court then dismissed the criminal case, and the government appeals.  (*Id.* at 12–24.)

3.     As explained in the government's brief, civil immigration custody is independent of a criminal prosecution (*id.* at 31–38), and detention in a criminal case (under the Bail Reform Act) and detention

pending civil removal proceedings (under the Immigration and Nationality Act) run on "separate tracks." (*Id.* at 36.)  It is therefore possible that defendant may be civilly removed from the United States while this appeal is still pending.

4.     Although removal would not moot the criminal prosecution, *see United States v. Villamonte-Marquez*, 462 U.S. 579, 581 n.2 (1983), it is possible that defense counsel may take a contrary position, and at the very least it is possible that defendant's removal may make it more difficult for defense counsel to communicate with their client.  Indeed, in one of the related cases identified in the government's brief, that is exactly what happened, and (CJA) defense counsel has refused to file an Answering Brief.  (Opening Br. 31 n.12, 70, noting *United States v. Arreola-Arreola*, C.A. 25-5471.)

5.     The government therefore respectfully asks that this Court moderately expedite its consideration of this case.  Specifically, the government suggests that defense counsel be given the same amount of additional time to file their Answering Brief as the government received for its Opening Brief (i.e., 37 additional days), which would result in a due date of **July 7, 2026**.  Government counsel would then prepare a

Reply Brief within the 21 days provided under Fed. R. App. P. 31(a), due by **July 30, 2026**, and the case could be placed on the next available argument calendar (specifically, the August 10 or 31 calendars in San Francisco).

6.    Alternatively, the government would propose that defense counsel be given 90 days in which to file an Answering Brief, resulting in a deadline of **July 28, 2026.**  Government counsel would then prepare a Reply Brief within 21 days, due by **August 18, 2026,** and the case could be placed on the August 31–September 4 calendar in San Francisco, the mid-September calendar in Pasadena, or an early-mid October calendar in any location.

7.    On April 30, 2026, government counsel conferred with defense counsel regarding this motion.  Defense counsel stated his position as follows:

> Appellee Carlitos Ricardo Parias does not believe the pendency of immigration proceedings or the possibility the government might later decide to remove a defendant from the country justifies expediting the government's own appeal in a criminal case, particularly here, where Mr. Parias does not currently have a final order of removal and it is unclear when, if ever, the government will obtain one. Even if the government does ultimately obtain a removal order, any harm the government suffers from the execution of that order would be self-inflicted. Although Appellee does not

3

believe the case warrants expedited treatment, he has informed the government that he is amenable to a firm briefing schedule with the answering brief due August 31, 2026 (reflecting a single 90-day extension), which should permit the appeal to be argued this fall.

8.      While ordinarily, the government might agree to defense counsel's proposed timing, the government nonetheless requests expedited treatment of this case. The matters raised in this appeal are of extraordinary importance, affecting hundreds of cases in the Central District of California.  This appeal needs to be resolved as expeditiously as possible.

9.      No court reporter is in default with regard to any designated transcript.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 4th day of May 2026 in Los Angeles, California.

s/ *Amy E. Pomerantz*

AMY E. POMERANTZ
Assistant United States Attorney

4