Appeal No. 25-8156

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*

**v.**

CARLITOS RICARDO PARIAS,
*Defendant-Appellee*

Appeal from the United States District Court for the
Central District of California, No. 2:25-cr-904-FMO
The Honorable Fernando M. Olguin

## APPELLEE'S OPPOSITION TO THE GOVERNMENT'S MOTION TO EXPEDITE

CUAUHTEMOC ORTEGA
Federal Public Defender
ALEXANDER BOTOMAN
Deputy Federal Public Defender
Alex_Botoman@fd.org
321 East 2nd Street
Los Angeles, CA 90012-4202
(213) 894-4784 | Fax: (213) 894-0081

*Attorneys for Defendant-Appellant*

## OPPOSITION TO MOTION TO EXPEDITE

Appellee Carlitos Ricardo Parias opposes the government's motion to expedite its own appeal based on a claim that *the government itself* could decide to remove him from the country before the appeal is completed. At present, that scenario is purely speculative. The government cannot legally remove Mr. Parias because it has not obtained a final order of removal against him—indeed, given the posture of Mr. Parias's immigration proceedings, the government seems unlikely to obtain one any time soon. But more important, whether Mr. Parias is removed from the country is a matter entirely within the government's control. The government cannot wield *its own* threat of removal to expedite *its own* appeal, thereby depriving Mr. Parias of the orderly process he would otherwise receive.

The government's motion makes no effort to explain why this Court's criteria for expediting criminal appeals are satisfied. *See* 9th Cir. Rule 27-12 (requiring "good cause," which ordinarily includes whether "irreparable harm may occur or the appeal may become moot"). It does not, because it cannot. Although the government gestures at mootness, it can avoid any risk of mootness by simply *not removing* Mr.

- 1 -

Parias until this case is completed. If the government instead decides to prioritize removal, any consequences to this criminal case would be caused by the government itself. The government cannot threaten an exigency of its own making and then point to that exigency to justify accelerating its own appeal. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020) ("[S]elf-inflicted wounds are not irreparable injury.").

That said, although Mr. Parias does not believe the criteria for expedited treatment are met, he has informed the government that he is willing to brief the case on an accelerated timeline that would permit the appeal to be argued in mid-October:

**Answering Brief:** August 31, 2026[1]

**Reply Brief**: September 21, 2026[2]

**Oral Argument**: Week of October 19-23, 2026

---

[1] Mr. Parias's proposed deadline reflects a single 90-day extension of time for the answering brief.

[2] The government has informed counsel for Mr. Parias that it is willing to file its reply brief within 21 days of the filing of the answering brief. If the government prefers additional time for its reply brief and/or a later oral argument calendar, Mr. Parias would not oppose.

- 2 -

Nothing in the government's motion justifies the *even-more-* expedited schedules it has proposed. For one thing, Mr. Parias's proposal would permit a mid-October argument, which the government itself has said would be acceptable. *See* Motion at 3 (proposing a schedule that could include argument on "an early-mid October calendar in any location"). The government has not disputed that Mr. Parias's proposed briefing schedule is facially reasonable. Motion at 4 ("[O]rdinarily, the government might agree to defense counsel's proposed timing . . . ."). And it has not identified anything concrete that is likely to occur between now and October that would justify forcing even quicker briefing.

By contrast, an unnecessarily quick schedule would greatly prejudice Mr. Parias's right to effective assistance of counsel in this appeal. And it would also prejudice the rights of numerous other defendants represented by Mr. Parias's counsel. As detailed in the attached declaration, counsel for Mr. Parias is also sole appointed counsel for defendants in several other criminal appeals in this Court, many of which have been pending longer than this case and involve

defendants facing *actual* harm if counsel is forced to prioritize this appeal over theirs. Decl. ¶¶ 5–7.

On the other side of the equation, it appears extremely unlikely that a schedule allowing for argument in October will cause any harm. Given the current posture of Mr. Parias's immigration proceedings, it is questionable whether the government will even obtain a final order of removal before that point. *See* Decl. ¶4 (detailing the current status of Mr. Parias's immigration proceedings). And even if it did, it would remain entirely within the government's discretion when to execute such an order. *See United States v. Santos-Flores*, 924 F.3d 1088, 1091 (9th Cir. 2015) ("The government may also exercise its judgment that the public interest in criminally prosecuting an alien is greater than the public interest in swiftly removing him."). A briefing schedule allowing for oral argument in October would not unnecessarily infringe upon that discretion while still permitting Mr. Parias a reasonable opportunity to prepare a response to the government's brief.[3]

---

[3] Mr. Parias strongly disagrees with the government's unsupported claim that this case could affect "hundreds" of cases in the Central District of California. Motion at 4. The district court below issued a fact-bound order that turned on the specific circumstances of
(Continued . . .)

Finally, it bears emphasizing that the government had more than four *months* to prepare its opening brief. The government received the order at issue in this appeal on December 27, 2025. ER-32. And although this appeal was docketed on December 31, 2025, the government did not move to expedite the appeal at that time or at any time in the several months thereafter. Instead, the government sought and obtained two extensions of time for the opening brief—neither of which Mr. Parias opposed.

By waiting to file a motion to expedite until after the opening brief was filed, the government avoided the possibility that the Court might set a firm deadline for the government's *own* brief. Having enjoyed the flexibility to prepare its brief on its own timeline, the government should not now be permitted to force that arbitrary timeline on Mr. Parias. The modest single 90-day extension suggested by Mr. Parias mirrors extensions routinely granted to both the government and the defense in criminal cases. And it will give Mr. Parias a period of time to respond to the government's brief that is comparable to the 123 days

---

Mr. Parias's case—including rampant discovery violations that had nothing do with immigration issues. *See* ER-5–32. This Court's decision therefore seems unlikely to affect many (if any) other cases.

that elapsed between when the district court's order was filed and when the government's opening brief was submitted. A quicker timeline would be both inequitable and unnecessary.

Accordingly, Mr. Parias respectfully requests that the Court deny the government's motion to expedite this appeal. Alternatively, if the Court determines that some expedited treatment is warranted, Mr. Parias requests that the Court set a deadline for the answering brief of no sooner than August 31, 2026 (reflecting a single 90-day extension of time). As noted, such a schedule would still permit this case to be placed on a mid-October argument calendar, which the government has agreed would be acceptable (Motion at 3):

**Answering Brief:** August 31, 2026

**Reply Brief**: September 21, 2026

**Oral Argument**: Week of October 19-23, 2026

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

Dated:  May 8, 2026                By:  _/s/ Alexander Botoman_
ALEXANDER BOTOMAN
Deputy Federal Public Defender
Attorneys for Defendant-Appellant

- 6 -

## DECLARATION OF ALEXANDER BOTOMAN

I am a Deputy Federal Public Defender in the Central District of California and am assigned to represent Appellee Carlitos Ricardo Parias in this appeal. I submit this declaration in opposition to the government's motion to expedite this appeal.

1.      This is a government appeal from an order of the district court dismissing a charge against Mr. Parias for alleged assault against an ICE officer during the course of an arrest. The district court found that dismissal was required because the government had violated both the court's own orders and Mr. Parias's Sixth Amendment rights through widespread discovery violations and by making it effectively impossible for Mr. Parias to consult with counsel in the critical weeks before trial. ER-3–19.

2.      The government filed its opening brief on April 29, 2026 after requesting and receiving two extensions of time. Dkt. 10; Dkt. 12. Mr. Parias did not oppose the government's requested extensions.

3.      Although this appeal was docketed on December 31, 2025, the government did not seek to expedite it until May 4, 2025—more than four months later, and after the opening brief was filed.

- 7 -

4.     Mr. Parias is represented by separate counsel in his immigration proceedings. They have informed me that the government has not obtained a final order of removal for Mr. Parias. Immigration counsel have also informed me that given the posture of his immigration case, it will almost certainly be at least several months— and potentially much longer—before the government could even possibly obtain legal authority to remove Mr. Parias from the country. The information below was conveyed to me by Mr. Parias's immigration counsel:

a.     Mr. Parias's immigration case was only recently appealed to the Board of Immigration Appeals (BIA). He will not have a final order of removal at least until the BIA decides the appeal.

b.     The BIA often takes at least six to eight months to issue a decision in cases involving individuals in immigration detention. In Mr. Parias's specific case, the BIA has not yet even issued a briefing schedule. After a briefing schedule is set, it will likely still take several months before any decision is issued.

c.     Even if the BIA were to issue a final order of removal, Mr. Parias could file a petition for review in this Court and seek a stay

of removal. Such stays can remain in place until the petition for review is finally adjudicated. *See* Ninth Cir. Gen. Order 6.4(c).

5. The government's proposed timelines for the answering brief would compromise my ability to represent both Mr. Parias and my other clients. I am sole appointed appellate counsel in several other criminal appeals in this Court, many of which have been pending longer than this appeal. I face upcoming deadlines in nearly all of these cases. In particular, in addition to other imminent deadlines, I am responsible (or expect to be responsible) in the next two months for preparing reply briefs in two appeals where the defendants have strong claims and in which the government received multiple extensions for its answering brief. If I am forced to prioritize the answering brief in this appeal over the reply briefs in those cases, the adjudication of those cases—and the possibility of relief for those clients—will likely be delayed.

a. In *United States v. Grandy*, No. 25-4491, I represent a defendant who is seeking the termination of a supervised release period that he has already been serving for nearly seven years. The government filed its answering brief on April 6, 2025, after receiving two extensions totaling 74 days. In the answering brief, the government

conceded that the district court committed multiple errors. I am currently prioritizing the preparation of the reply brief in an effort to obtain a decision (and potential relief) as soon as possible.

b. In *United States v. Olivas*, No. 23-990, I represent an individual who is currently serving a life sentence. The opening brief raised several colorable issues, any one of which would require at least a new trial. The government has received two extensions, totaling 254 days, for its answering brief, which is currently due on May 27, 2026. Upon receiving the government's brief, I intend to prepare the reply brief as quickly as I am able, so that this three-year-old appeal can proceed to decision.

c. In other pending appeals, I am the sole appointed counsel responsible for preparing the opening brief. *See United States v. Myvette*, No. 26-1313 (opening brief due May 28, 2026); *United States v. Halvorsen*, No. 26-849 (opening brief due June 6, 2026); *United States v. Oladimu*, No. 25-6950 (opening brief due June 22, 2026). In each of these cases, I did not represent the defendant in the district court. Each therefore requires me to expend significant time reviewing the record and familiarizing myself with the issues and relevant legal authorities.

- 10 -

6.      The appeals unit in my office is currently suffering from significant staffing shortages. Two of my colleagues are out on months-long medical/family leaves, and a third position is currently vacant. This has required me to handle a greater share of our unit's caseload, which consists almost entirely of appeals before this Court.

7.      I will already have to prioritize Mr. Parias's case over other appeals in order to complete the answering brief by August 31, 2026. If forced to file the brief on the shorter timeline the government has proposed, I will likely have to focus nearly all of my time on his case, at the expense of appeals that have been pending longer or that involve individuals in custody.

8.      I have no interest in unnecessarily delaying a decision in Mr. Parias's case. My suggestion of a firm deadline of August 31, 2026 for the answering brief reflects my best estimate of the minimum amount of time I will require to effectively represent Mr. Parias in this appeal, while also fulfilling my responsibilities to my other clients.

///

///

///

- 11 -

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 8, 2026 in Culver City, California.

*/s/ Alexander Botoman*
ALEXANDER BOTOMAN

- 12 -