**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CARLITOS RICARDO PARIAS,<br><br>Defendant-Appellee. | C.A. No. 25-8156<br>D.C. No. 25-904-FMO<br>(Central Dist. Cal.)<br><br>**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION TO EXPEDITE BRIEFING AND HEARING** |

The United States of America respectfully replies to defendant's opposition to its motion to expedite the briefing and hearing in this government appeal.

**1.** Defendant's answering brief is currently due by June 1, 2026. (Dkt. 12.)  The government appreciates the Federal Public Defender's suggestion of "a firm deadline of August 31, 2026 for the answering brief," which would allow the case to be argued in October.  (Opp. 6, 11.) The government objects, however, to the suggestion that its proposal is unfair or non-reciprocal.  (Opp. 5 ("Having enjoyed the flexibility to

prepare its brief on its own timeline . . . .").)  The government prepared its opening brief as quickly as it could, prioritizing this case over others for the reasons explained in its motion, and the government's requested briefing schedule gives the defense exactly the same amount of additional time as the government received: 37 days beyond what the rules provide for, resulting in an answering brief due in July with an argument calendar in August.  (Mot. 2–3.)

**2.** Alternatively, as the government previously suggested in its correspondence with the defense (before filing this motion), the defense could be given an additional 61 days (instead of 37 days),[1] which would give it the same total maximum amount of briefing time (i.e., 91 days for an answering brief) as the Second Circuit allows for a non-expedited case.  *See* 2d Cir. Local R. 31.2(a)(1).  That would result in a deadline for the answering brief of Monday, August 3, 2026 (because August 1 is a Saturday), and the government could submit its reply brief within 21 days so that the appeal could be heard in September.

---

[1] In the email to defense counsel, government counsel mistakenly recalled the maximum amount of time in the Second Circuit as being 90 days, not 91 days.

**3.** In sum, the parties' suggested time frames are as follows:

a. A 37-day extension of time (same as the government received), so that the case could be calendared in August.  (Government's proposal.)

b. A 61-day extension of time (90 days total), so that the case could be calendared in September.  (Government's alternative proposal.)

c. A 90-day extension of time (120 days total), so that the case could be calendared in October.  (Defense proposal.)

**4.** The government respectfully requests one of the first two options.  Defense counsel is not even willing to forswear a mootness challenge if defendant is removed before this appeal can be argued (Opp. 1–2), and the Federal Public Defender has used the fact of either removal or a removal order as a shield against criminal prosecution in other cases.  *See, e.g.*, *United States v. Pelaez Calderon et al.*, 2:26-cr-00135-SVW, Dkt. 49 (denying defendant's motion to dismiss indictment).  Indeed, this has become a significant issue in multiple

criminal cases in this district, attracting significant media attention.[2]
Defense counsel's citation to a decision currently under review by the
Supreme Court for the proposition that any prejudice to the criminal
case would be a "self-inflicted wound" (Opp. 2 (citing *Al Otro Lado v.
Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020)),[3] does not change the analysis
or relieve the need for expedited treatment of this appeal. As the
government explained in its brief (and its motion to expedite), detention
in a criminal case and detention pending civil removal proceedings run
on "separate tracks" and are distinct from one other. The gist of the
defense position in other cases (*see, e.g.*, *Pelaez Calderon*, 2:26-cr-00135-
SVW) is that the government cannot use immigration detention for
purposes of criminal prosecution. That position alone explains why this
appeal needs to be heard before defendant is ordered removed.

---

[2] *See, e.g.*, Brittny Mejia, "Trump's immigration crackdown forces federal judges to dismiss criminal cases, including one involving the Sinaloa cartel," L.A. Times (Feb. 24, 2026), *available at* https://www.latimes.com/california/story/2026-02-24/aggressive-immigration-enforcement-opens-way-for-federal-criminal-defendants-to-avoid-justice.

[3] *But cf.* Amy Howe, "Court appears likely to side with Trump administration on rights of asylum seekers," SCOTUSblog (Mar. 24, 2026), available at https://www.scotusblog.com/2026/03/court-appears-likely-to-side-with-trump-administration-on-rights-of-asylum-seekers.

4

**5.** In sum, this appeal raises an issue of extraordinary importance where time is of the essence. Indeed, the Federal Public Defender recognized the importance of this case when he chose to *personally* represent defendant.[4] The government respectfully requests expedited treatment.

DATED: May 11, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney & Chief, Criminal Division

s/ *Amy E. Pomerantz*

AMY E. POMERANTZ
Assistant United States Attorney
Acting Deputy Chief,
Criminal Appeals Section

Attorneys for Plaintiff-Appellant

---

[4] Defense counsel points out that the DFPD responsible for drafting the answering brief is extraordinarily busy, citing five other cases assigned to him that are pending before this Court. Should expedited treatment be granted in this case, the government will not object to extensions of time between 30 and 60 days in any or all of these cases. This case is more important.

5

UNITED STATES OF AMERICA