**United States Department of Justice**

**United States Attorney's Office**
**Central District of California**

*Amy E. Pomerantz*
*Assistant United States Attorney*
*Criminal Appeals Section*
*Phone: (213) 894-2400*
*Email: Amy.Pomerantz@usdoj.gov*

*1000 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

September 28, 2026

Molly Dwyer
Clerk of Court
U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939
(Via Ninth Circuit ACMS)

Re: *United States v. Parias*, C.A. No. 25-8156 (arg, Oct. 30, 2026)
*United States v. Zambrano*, C.A. No. 26-961 (cal. mot. pending)

Dear Ms. Dwyer:

In a recent written decision, the district court again dismissed a criminal prosecution with prejudice on the ground that the defendant was taken into immigration custody following his release in his criminal case under the Bail Reform Act, 18 U.S.C. § 3142(d). *See United States v. Gonzalez*, No. 23-CR-524-DMG, Dkt. 820 at 4 (C.D. Cal. Sept. 21, 2026) ("Gonzalez was released on bail, but ICE used that opportunity to detain him. Doing so was a blatant violation of his rights under the BRA.").

The government has filed a notice of appeal, *see* C.A. No. pending, and will list *Gonzalez* as a related case and seek to stay briefing pending the outcomes of *Parias* and *Zambrano*. As the government has argued in *Parias* and *Zambrano*, this is an issue of extraordinary importance for both the Central District of California and this Circuit generally.

Chief Judge Gee's decision in *Gonzalez* is attached.

Very truly yours,

s/ *Amy E. Pomerantz*
s/ *W. Connor Winn*

AMY E. POMERANTZ
Assistant United States Attorney
Criminal Appeals Section

W. CONNOR WINN
Appellate Attorney
Criminal Division
U.S. Department of Justice

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br>Plaintiff,<br>v.<br>DANIEL GONZALEZ,<br>Defendant. | Case No. CR 23-524-DMG-10<br><br>**ORDER RE MOTION TO DISMISS [737]** |

On June 28, 2026, the Government moved to dismiss the charges against Defendant Daniel Gonzalez without prejudice to refiling, pursuant to Federal Rule of Criminal Procedure 48(a). [Doc. # 737.]

Gonzalez requests that the dismissal be with prejudice, on the basis that the Government elected to deport him to Nicaragua through immigration removal proceedings rather than pursue criminal charges against him. [Doc. # 739.] For the reasons set forth in this Order, the Court exercises its inherent supervisory authority to dismiss the indictment against Gonzalez with prejudice and **DENIES** the Rule 48(a) motion to dismiss as moot.

## I.
## BACKGROUND

Gonzalez was indicted on various charges of conspiracy to aid and abet in cocaine and methamphetamine distribution, to launder monetary instruments, and to operate an unlicensed money transmitting business and assaulting a federal officer with a deadly weapon. [Doc. # 217.] The basis for the assault charges are allegations that he "intentionally and forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with United States Drug Enforcement Administration Task Force Officer S.G., while S.G. was engaged in, and on the account of, the performance of his official federal duties, and in so doing, used a deadly and dangerous weapon, namely, a 2013 Lexus ES350 car." *Id.* at 39. Gonzalez made his initial appearance in this action in the Northern District of California on April 30, 2026. [Doc. # 717.]

The declaration of Gonzalez's counsel, Vitaly B. Sigaly, provides the following details. [Doc. # 739 at 22–24.] On May 5, 2026, while still held in the Northern District, Gonzalez was ordered released on an unsecured $50,000 appearance bond. He had to appear in the Central District of California for his initial appearance on May 19, 2026. Gonzalez was unable to do so on that date, however, because U.S. Immigration and Customs Enforcement ("ICE") took him into custody after he was released.

Sigaly was provisionally appointed to represent Gonzalez in this District on May 19 and learned his client was in ICE custody. *Id.* ¶¶ 2–3; Doc. # 727. On May 20, 2026, Sigaly spoke to Gonzalez by telephone and learned he was being held in an ICE detention facility in Louisiana. Sigaly Decl. ¶ 4. On June 2, 2026, Sigaly again spoke by telephone with Gonzalez, who had been removed to Nicaragua by then. *Id.* ¶ 5. Gonzalez remains outside the United States and is unable to return for trial or appear in this Court as required by the conditions of his bond. *Id.* ¶ 7.

## II.
## DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 48(a), the Government may dismiss an indictment with leave of Court. Nevertheless, a Court is not bound to grant such a request and may deny it if there is prosecutorial harassment or based on the "public interest, fair administration of criminal justice and preservation of judicial integrity." *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988); *see also Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (discretion of a district court to deny such a motion when it is clearly contrary to the public interest); Rule 48(b) (additional grounds for denying a Rule 48(a) motion).

A court may also exercise its inherent supervisory powers to dismiss an indictment "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). "Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *Barrera–Moreno*, 951 F.2d at 1092. In addition, there must be substantial prejudice to the defendant. *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008); *see also United States v. Struckman*, 611 F.3d 560, 574–75 (9th Cir. 2010) (even if governmental conduct falls short of a due process violation, it may justify dismissal with prejudice under the court's supervisory powers).

In *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015), the Ninth Circuit Court of Appeals stated that having elected to criminally prosecute a noncitizen who has been released on bail, "the government may not use its discretionary power of removal to trump a defendant's right to an individualized determination under the Bail Reform Act ['BRA']." *See also United States v. Rangel*, 318 F. Supp. 3d 1212, 1217 (E.D. Wash. 2018) ("[P]retrial detention violates [the defendant's] rights under the BRA, which requires the executive to elect removal in lieu of criminal prosecution or defer removal

until after trial and sentencing are complete."); *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1176 (D. Or. 2012) ("ICE does not . . . have the authority to detain [the defendant] for the purpose of avoiding the pretrial release provisions of the BRA.") (cited with approval in *Rangel*, *id.*). And "[i]f the government, by placing [a non-citizen] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy."[1] *Santos-Flores*, 794 F.3d at 1092.

Gonzalez was released on bail, but ICE used that opportunity to detain him. Doing so was a blatant violation of his rights under the BRA. Moreover, other prejudice to Gonzalez is apparent. He was unable to appear for his initial appearance due to his removal proceedings while he was still in custody. The Government argues that there has been no prejudice to Gonzalez because he never appeared in this District and the case was in its early stages. But this logic is circular: Gonzalez was prevented from appearing in this District *because he was detained* before his May 19 initial appearance date and in contravention of the Northern District's release order. The reason no trial date was set and proceedings did not advance is due to the Government's improper intervening actions.

Gonzalez will not be able to appear in this Court as required by the conditions of his bond due to his removal from the United States. Sigaly Decl. ¶ 7 ("Mr. Gonzalez remains outside the United States and is unable to return for trial. As a direct result of the Government's decision to remove Mr. Gonzalez from the United States while these

---

[1] The court made these statements in the context of its holding that it is error for a trial court to rely on the existence of an ICE detainer and the probability of immigration detention and removal to find that no condition or combination of conditions will reasonably assure a noncitizen-defendant's appearance pursuant to the Bail Reform Act. *Santos-Flores*, 794 F.3d at 1092.

Courts such as *Rangel* have noted that 18 U.S.C. § 3142(d) provides a statutory mechanism for ICE to elect to take a defendant into immigration custody to pursue immigration proceedings within a ten-day initial detention period of when a judicial officer makes a finding that the defendant poses a risk of flight or dangerousness. *See, e.g.*, *Rangel*, 318 F. Supp. 3d at 1218. "The language in § 3142(d) . . . makes clear that when a defendant is treated 'in accordance with the provisions of' the BRA, 'other provisions of law governing release pending trial or deportation or exclusion proceedings' do not apply." *Id.* (quoting 18 U.S.C. § 3142(d)).

criminal proceedings remained pending, Mr. Gonzalez has been, and continues to be, unable to appear in this Court as required by the conditions of his bond."). His inability to return for any trial that could occur in this action poses an obvious impediment to his Speedy Trial Act rights. Moreover, as the Court has already noted with respect to a co-defendant in this action, any remedy short of enforcing *Santos-Flores* and the bail order in this action "would enable the Government to flaunt its obligation to abide by controlling legal authority and court orders." *See* Order at 5, *United States v. Zambrano*, CR 23-524-DMG-5 (C.D. Cal. Feb. 5, 2026) (Doc. # 633).

Dismissal of the indictment with prejudice is "the most severe sanction" and "encroaches on the prosecutor's charging authority." *See Chapman*, 524 F.3d at 1085. Nevertheless, and notwithstanding the Government's Rule 48(a) motion to dismiss without prejudice,[2] the Court finds that the circumstances justify dismissal with prejudice pursuant to the Court's inherent supervisory powers, due to the statutory violations that have occurred and the prejudice to Gonzalez. In reaching this conclusion, the Court acts in accordance with other District Courts that have similarly dismissed charges with prejudice when the Government has deported the defendant. *See, e.g.*, *United States v. Cruz-Cruz*, 351 F.R.D. 23, 30 (N.D. Cal. 2026) ("The government was entitled to prosecute Cruz-Cruz, as it started to do. It was also apparently entitled to deport him, which it did. What it is

---

[2] The Government argues that the Rule 48(a) motion should be granted because there is no indication the prosecution team acted in bad faith, as the prosecutors did not know about the decision to pursue immigration detention and removal. Reply at 4 & n.1. But grounds other than bad faith can justify the denial of a request to dismiss a case without prejudice under Rule 48(a), including when the dismissal is clearly contrary to the public interest. *See Rinaldi*, 434 U.S. at 29 n.15.

The Government argues that it is in the public interest to leave open the possibility of criminal charges for Gonzalez's violent conduct—which it claims includes not only the distribution and money laundering conduct common to his co-defendants, but leading law enforcement on a high-speed pursuit and ramming a pursuing agent's vehicle before fleeing on foot (the basis for the assault charge). Reply at 5. The Court disagrees because the Government has made its choice. Gonzalez cannot legally return to the United States, and the Government has chosen to pursue immigration proceedings against him rather than criminal prosecution for that conduct. As such, allowing dismissal without prejudice would clearly be contrary to the public interest because it rewards the Government for opting to deport the defendant and to interfere with his speedy trial rights rather than promptly prosecuting his crime.

not entitled to do is violate his statutory and constitutional rights with respect to the already pending prosecution and then begin a new prosecution at its discretion. The government cannot have its cake and eat it too."); *United States v. Cabada-Mendoza*, No. 2:26-CR-00003-CDS-BNW-2, 2026 WL 1651003, at *3 (D. Nev. June 8, 2026); Order at 4, *Zambrano*, CR 23-524-DMG-5 (citing authority); *accord* Order, *United States v. Solano-Lopez*, SA CR 25-93-HDV-1 (C.D. Cal. Aug. 4, 2025) (Doc. # 34); Order, *United States v. Benlakhlef*, MJ 25-6327-DUTY-1 (C.D. Cal. March 25, 2026) (Doc. # 23) (finding that by detaining and deporting the defendant while he was on bond pending trial, the Government operated in bad faith).

## III.
## CONCLUSION

The Court dismisses the indictment against Gonzalez with prejudice, pursuant to the Court's inherent supervisory authority. The Government's motion to dismiss indictment without prejudice is denied as moot. Gonzalez's bond shall be exonerated.

**IT IS SO ORDERED.**

DATED: September 21, 2026

Dolly M. Gee
DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE