**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854

**AMY M. KARLIN**
*Interim Federal Public Defender*
**LISA LABARRE**
*Acting Chief Deputy/*
*Los Angeles Trial Chief*
**C. PAMELA GÓMEZ**
*Capital Habeas Chief*
**JONATHAN C. AMINOFF**
*Non-Capital Habeas Chief*

**KELLEY MUNOZ**
*Santa Ana Branch Chief*
**YOUNG J. KIM**
*Riverside Branch Chief*
**SONAM HENDERSON**
*Acting Appeals Chief*
**NEHA CHRISTERNA**
*Collaborative Courts Chief*

Direct Dial: (213) 894-4784

September 29, 2026

Molly Dwyer
Clerk of Court
U.S. Court of Appeals
for the Ninth Circuit
Via ACMS

Re: **United States v. Parias, No. 25-8156 (calendared October 30, 2026 - Pasadena)**

Dear Ms. Dwyer:

The government's letter regarding a district court decision in *United States v. Gonzalez* (Dkt. 34) only confirms what Mr. Parias's answering brief explained: other appeals pending before this Court actually present the statutory question of whether placing a released criminal defendant in immigration detention violates the Bail Reform Act. *See* Ans. Br. 67–68. But this case does not. *See* Ans. Br. 57–60.

As detailed in the answering brief, the district court dismissed the indictment solely to remedy the government's now-undisputed violations of Mr. Parias's Sixth Amendment rights. Ans. Br. 57–60. Unlike the district court in *Gonzalez*, which concluded that the government had violated the Bail Reform Act by detaining (and later removing) the defendant, the district court here found no statutory violation. *See* Gov't Opening Br. 30 n.11 (conceding this point).

The government's letter indicates that the Court will soon have an opportunity to address the statutory question in a case in which it is squarely presented. There is no need—and no basis—for an advisory opinion on that question in *this* case. *See* Ans. Br. 66–68.

Respectfully submitted,

/s/ *Alexander Botoman*

Alexander Botoman
Deputy Federal Public Defender